**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | No. 21-14292 |
| SLAWOMIR WYSZYNSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | |

**STATUS REPORT ON DEBTOR'S MOTION TO QUASH OR MODIFY SUBPOENA**

Old National Bank, successor-by-merger to First Midwest Bank ("Old National") by and through its attorney, Adam B. Rome of Greiman, Rome & Griesmeyer, LLC, hereby provides a Status Report prior to the Court's continued hearing on Slawomir Wyszynski ("Debtor"), Motion to Quash or Modify Subpoena ("Motion to Quash") (Dkt. 57).

**STATUS REPORT**

1.      On May 18, 2022, ONB issued a Rule 2004 Subpoena to the Debtor requesting documents and testimony.  A copy of the 2004 Subpoena ("Subpoena") is attached hereto and incorporated herein as **Exhibit A**.

2.      On May 23, 2022, Debtor filed a Motion to Quash or Modify ONB's 2004 Subpoena. (Dkt. 57.)

3.      On June 24, 2022, the Court instructed the parties to discuss the Subpoena prior to returning to Court on July 15, 2022.

4.      On June 30, 2022, counsel for ONB sent correspondence to counsel for the Debtor requesting a "meet and confer".  A copy of the June 30, 2022, correspondence is attached hereto and incorporated herein as **Exhibit B**.

5.     On July 2, 2022, counsel for the Debtor responded to counsel for ONB and suggested a date for a call.  A copy of the July 2, 2022, correspondence is attached hereto and incorporated herein as **Exhibit C**.

6.     Thereafter on July 5, 2022, counsel for the Debtor suggested limiting the scope of each request to four years pre-petition.  A copy of the July 5, 2022, correspondence is attached hereto and incorporated herein as **Exhibit D**.

7.     On July 5, 2022, counsel for ONB agreed to limiting the scope of the Subpoena to four years prior to Debtor's petition date.  A copy of the July 5, 2022, correspondence is attached hereto and incorporated herein as **Exhibit E**.

8.     Thereafter, on July 5, 2022, counsel for ONB sent a detailed seven (7) page letter indicating the documents it was seeking and the basis for its requests.   A copy of the July 5, 2022, letter and correspondence is attached hereto and incorporated herein as **Exhibit F**.

9.     As of the current date, counsel for ONB has not received a response from Debtor's counsel in response to its detailed explanation of the documents it is seeking.

**C<small>ONCLUSION</small>**

WHEREFORE, Old National Bank respectfully submits this Status Report for the Courts convenience prior to the July 15, 2022 continued hearing.

Dated:  July 12, 2022                                        Respectfully Submitted,

                                                                      **OLD NATIONAL BANK**

                                                                      By:  _/s/ Adam B. Rome _____
                                                                             Adam B. Rome

Adam B. Rome (ARDC #6278341)
G<small>REIMAN</small>, R<small>OME</small> & G<small>RIESMEYER</small>, LLC
205 W. Randolph St., Ste. 2300
Chicago, Illinois 60606
T: (312) 428-2750
F: (312) 332-2781 (facsimile)/ arome@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those participants registered with the ECF System including those listed below:

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Ilene F. Goldstein
ifgcourt@aol.com

Adam Czapulonis
adam.p.czapulonis@gmail.com

By:  _/s/ Adam B. Rome_____
  Adam B. Rome (ARDC #6278341)
  GREIMAN, ROME & GRIESMEYER, LLC
  205 W. Randolph St., Ste. 2300
  Chicago, Illinois 60606
  T: (312) 428-2750
  F: (312) 332-2781
  arome@grglegal.com

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN _____ District of _____ ILLINOIS _____

In re _____ Slawomir Wyszynski _____        Case No. 21-14292 _____
                     Debtor

                                              Chapter _____ 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Slawomir Wyszynski _____
                        *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE    Greiman, Rome & Griesmeyer, LLC | DATE AND TIME |
|---|---|
| 205 W. Randolph St., Ste. 2300, Chicago, IL 60606 | Mutually Agreeable Date & Time |

The examination will be recorded by this method: **Stenographically** _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    See Attached Rider. Documents Must be produced by June 15, 2022

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   5/17/22 _____

              CLERK OF COURT

                                        OR

_____              _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Creditor, Old National Bank _____ , who issues or requests this subpoena, are:   Adam B. Rome, Greiman, Rome & Griesmeyer, LLC, 205 W. Randolph St., Ste. 2300, Chicago, IL 60606/(312) 428-2750/arome@grglegal.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:   Slawomir Wyszynski
on *(date)*  5-17-22 .

☒ I served the subpoena by delivering a copy to the named person as follows:  via FEDEX/US Mail/Certified Mail-
Return Receipt Requested at 210 Lakeshore Dr., Lindenhurst, IL 60046 with a copy to Adam Czapulonis
at adam.p.czapulonis@gmail.com          on *(date)*   5/17/22          ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date:   5/17/22

_____
*Server's signature*

April Bernath, Paralegal
_____
*Printed name and title*
Greiman, Rome & Griesmeyer, LLC
205 W. Randolph St., Ste. 2300
Chicago, IL 60606
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SUBPOENA DOCUMENT RIDER

You are commanded to produce all books, papers and records in your possession or control which may contain information concerning the property or income of, or indebtedness due you, Slawomir Wyszynski ("Wyszynski" or "You") including, but not limited to, the documents listed below.

1.    All documents related to all employment held by you during the preceding four years, including, without limitation, and with regard to each employment:

      a.    The name and address of each employer;

      b.    Your position, job title or description;

      c.    Your employment contract if applicable;

      d.    The date on which you commenced your employment and, if applicable, the date and reason for the termination of your employment;

      e.    Your current gross and net income per pay period;

      f.    Your gross income as shown on the last W-2 tax and wage statement received by you, your social security wages as shown on the last W-2 tax and wage statement received by you, and the amounts of all deductions shown thereon; and

      g.    All additional benefits or perquisites received from your employment.

2.    All documents relating to any source of income you have had during the preceding four years, including, without limitation, and with regard to each source:

      a.    The source of income, including the type of income and name and address of the source;

      b.    The frequency you received income from the source;

      c.    The amount of income received by you from the source during the immediately preceding four years; and

      d.    The amount of income received by you from the source for the immediately preceding four years.

3.    All documents relating to any interest you held in real estate, including, without limitation, and with regard to each such interest:

      a.    The size and description of the parcel of real estate, including improvements thereon;

      b.    The name, address and interest of each person who has or claims to have an ownership interest in the parcel of real estate;

      c.    The date your interest in the parcel of real estate was acquired;

      d.    The consideration you transferred or paid for your interest in the parcel of real estate;

      e.    The current fair market value of the parcel of real estate and your interest therein; and

      f.    The amount of indebtedness owed on the parcel of real estate and to whom.

4.    All documents relating to the names and addresses of all associations, partnerships corporations, enterprises or entities in which you have an interest or claim any interest,

1

including, without limitation, the nature of your interest or claim of interest therein the amount or percentage of your interest or claim of interest therein, and an estimate of the value of your interest therein, during the preceding four years.

5.    All documents relating to any account or investment in any type of financial institution, you may have had, individually or with another or in the name of another, during the preceding four years, including, without limitation, checking accounts, saving accounts, certificates of deposits, money market accounts, mutual funds, commodities accounts, and brokerage accounts, and as to each such account or investment:

    a.    The type of account or investment;
    b.    The name and address of the financial institution;
    c.    The name and address of each person in whose name the account is held; and
    d.    Balances of the account or investment.

6.    All documents relating to any safety-deposit box held by you, or any safety-deposit boxes to which you have had access, during the preceding four years, including, without limitation:

    a.    The name of the bank or institution where such box is located;
    b.    The number of each box;
    c.    A description of the contents of each box during the immediately preceding four years and as of the date of submitting all documents; and
    d.    The name and address of any joint or co-owners of such safety-deposit box or any trustees holding the box for your benefit.

7.    All documents relating to any person or entity having held cash or property on your behalf, during the preceding four years, including, without limitation:

    a.    The name and address of the person or entity holding the cash or property; and
    b.    The type of cash or property held and the value thereof.

8.    All documents relating to any stocks, bonds, securities or other investments, including savings bonds, you have owned during the preceding four years, including, without limitation:

    a.    A description of the stock, bond, security or investment;
    b.    The name and address of the entity issuing the stock, bond, security or investment;
    c.    The present value of such stock, bond, security or investment;
    d.    The date of acquisition of the stock, bond, security or investment;
    e.    The name and address of any other owner or owners in such stock, bond, security or investment; and
    f.    If applicable, the date sold and the amount realized therefrom.
    g.

9.    All documents relating to life, annuity or endowment insurance policies you own or as to which you have any incidents of ownership, including, without limitation, and with regard to each policy:

2

a.    The name of the company;
b.    The number of the policy;
c.    The face value of the policy;
d.    The present value of the policy;
e.    The amount or encumbrance of any loan on the policy;
f.    The date of acquisition of the policy; and
g.    With regard to each policy, the beneficiary or beneficiaries.

10. All documents relating to home insurance or renter's insurance policies you currently have or have had in the last four years, and with regard to each policy:

a.    The name of the company;
b.    The number of the policy;
c.    The face value of the policy;
d.    The present value of the policy;
e.    The amount or encumbrance of any loan on the policy;
f.    The date of acquisition of the policy; and
g.    With regard to each policy, the beneficiary or beneficiaries.

11. All documents relating to any right, title or interest held by you or to a pension plan, retirement plan or profit sharing plan, including, but not limited to, individual retirement accounts, 401 (k) plans and deferred compensation plans, including, without limitation:

a.    The name and address of the entity providing the plan;
b.    The date of initial participation in the plan; and
c.    The amount of funds currently held on your behalf under the plan.

12. All documents relating to any outstanding indebtedness or financial obligations, including, mortgages, promissory notes, or other oral or written contracts, held by you, including, without limitation, and with regard to each obligation:

a.    The name and address of the creditor;
b.    The form of obligation;
c.    The date the obligation was initially incurred;
d.    The amount of original obligation;
e.    The purpose or consideration for which the obligation was incurred;
f.    A description of any security connected with the obligation;
g.    The rate of interest on the obligation;
h.    The present unpaid balance of the obligation;
i.    The dates and amounts of installment payments; and
j.    The date of maturity of the obligation.

13. All documents relating to any money or property you are owed, including, without limitation:

a.    The name and address of the debtor;
b.    The form of obligation;
c.    The date the obligation was initially incurred;
d.    The amount of original obligation;
e.    The purpose or consideration for which the obligation was incurred;

3

f.     A description of any security connected with the obligation;

g.     The rate of interest on the obligation;

h.     The present unpaid balance of the obligation;

i.     The dates and amounts of installment payments; and

j.     The date of maturity of the obligation.

14. All documents relating to the year, make and model of any motor or motorized vehicle, motor or mobile home, farm machinery or other equipment in which you have an ownership, estate, interest or claim of interest, whether individually or with another, including, without limitation, and with regard to each:

a.     The date the item was acquired;

b.     The consideration paid for the item;

c.     The name and address of each other person who has a right, title, claim or interest in or to the item;

d.     The approximate fair market value of the item; and

e.     The amount of indebtedness on the item and the name and address of the creditor.

15. All documents relating to any purchase or contribution towards the payment for or provision of other consideration or improvement with regard to any real estate, motorized vehicle, financial account or securities, or other property, real or personal, on behalf of another person or entity during the preceding four years, including, without limitation, and with regard to each transaction:

a.     The name and address of the person or entity to whom you contributed;

b.     The type of contribution you made;

c.     The type of property to which the contribution was made;

d.     The location of the property to which the contribution was made;

e.     Whether or not there is written evidence of the existence of a loan; and

f.     A description of the written evidence.

16. All documents relating to any gift of cash or property, real or personal, you have made during the preceding four years, to any person or entity, including, without limitation, and with regard to each transaction:

a.     A description of the gift;

b.     The value of the gift;

c.     The date of the gift;

d.     The name and address of the person or entity receiving the gift; and

e.     Any written evidence of the existence of a gift.

17. All documents relating to any loans you have made during the preceding four years, to any person or entity, including, without limitation, and with regard to each such loan:

a.     The description of the loan;

b.     The value of the loan;

c.     The date of the loan;

d.     The name and address of the person or entity receiving the loan; and

e.     Any written evidence of the existence of a loan.

18.   All documents relating to any property owned by you, individually or with another or in the name of another, that you have sold, transferred, conveyed, encumbered, concealed, damaged or otherwise disposed of during the preceding four years, including, without limitation, and with regard to each item of property:

  a. A description of the property;
  b. The current location of the property;
  c. The purpose or reason for the action taken by you with regard to the property;
  d. The approximate fair market value of the property; and
  e. Any written evidence of any such transaction.

19.   All documents relating to any appraisals made during the preceding four years, with regard to any of the properties included in any of the documents submitted, including, without limitation:

  a. The name and address of the person conducting each such appraisal;
  b. A description of the property appraised;
  c. The date of appraisal; and
  d. Copies of each such appraisal.

20.   All documents relating to any financial statements, net worth statements or lists of assets and liabilities pertaining to your property or financial affairs, that anyone has prepared for you during the preceding four years, including, without limitation:

  a. The name and address of each person preparing each such document;
  b. The type of document prepared;
  c. The date the document was prepared; and
  d. Copies of each such document.

21.   All documents regarding any accountant, tax preparer, bookkeeper or other person, firm or entity who has kept or prepared books, documents and records with regard to, including, without limitation, **your tax returns**, your income, property, business or financial affairs during the preceding four years.

22.   All documents relating to any other asset or property owned by you, or as to which you claim an interest.

23.   Current bank statements for the present year and past two calendar years from all banks or other institutions where You do business or have an account of any kind.

24.   All trust agreements where You are a trustor, trustee, or beneficiary.

25.   All deeds, leases, contracts and other documents representing any ownership interest You have in any real property and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on Your real property.

26.   All stocks, bonds or other securities of any class You may own, individually or jointly with others, including options to purchase any securities.

27. Titles to all motor vehicles owned by You.

28. All promissory notes held by You, and all other documents evidencing money owed to You, either now or in the future, including but not limited to, accounts receivable.

29. All financial statements furnished by You for any purpose in the past three years.

30. All deeds, bills of sale, or other documents prepared in connection with any transfer You have made either by gift, sale or otherwise for the present year and past calendar year.

31. All income statements and balance sheets prepared for You in the past three years.

32. All records pertaining to other assets of You.

33. All lease agreements in favor of You.

34. All business records over the past three (3) years which reflect assets, liabilities, gross receipts and expenses for any entity in which You are a manager, member, officer or director.

35. List of all tenants with name and telephone number for any property owned by You.

36. List of all payments made to You as an insider for any entity in which you are an officer, director, manager or member of over the past three years.

# EXHIBIT B

**From:** Adam Rome
**Sent:** Thursday, June 30, 2022 3:44 PM
**To:** Adam P. Czapulonis
**Cc:** April Bernath
**Subject:** Meet and Confer

Adam,

I have not heard from you re: the court's request for us to meet and confer re: your Motion to Quash.  Please let me know when you want to discuss.

Adam



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

# EXHIBIT C

| | |
|---|---|
| **From:** | Adam P. Czapulonis <adam.p.czapulonis@gmail.com> |
| **Sent:** | Saturday, July 2, 2022 10:28 AM |
| **To:** | Adam Rome |
| **Cc:** | April Bernath |
| **Subject:** | Re: Meet and Confer |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Adam,

I'm away but I'll be available on Tuesday for a call.
Let me know what time works best for you.

Thanks

# EXHIBIT D

| | |
|---|---|
| **From:** | Adam P. Czapulonis <adam.p.czapulonis@gmail.com> |
| **Sent:** | Tuesday, July 5, 2022 10:19 AM |
| **To:** | Adam Rome |
| **Cc:** | April Bernath |
| **Subject:** | Re: Meet and Confer |

am,

I think the best way I could put it is to make time limitations of 4 years to every paragraph that I object to.

Let me know if you have any questions.


**Adam P. Czapulonis, Esq.**
**ADAM P. CZAPULONIS LAW OFFICES**
**5858 N. Milwaukee Ave.**
**Chicago, IL 60646**
**Ph. 847-845-4791**
**Fx. 847-890-6466**

**************************************************************************************************
*****************************************

CONFIDENTIALITY NOTICE:  This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.  If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

# EXHIBIT E

**From:**                   Adam Rome
**Sent:**                   Tuesday, July 5, 2022 11:15 AM
**To:**                      'Adam P. Czapulonis'
**Cc:**                      April Bernath
**Subject:**              RE: Meet and Confer

Adam,

Four years from when the BK was filed makes sense to me. If there is any confusion, I'll circle back with you after we receive the documents.

Adam



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals.

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

# EXHIBIT F



**GREIMAN, ROME & GRIESMEYER, LLC**

business advisors. litigation professionals.

205 West Randolph Street
Suite 2300 | Chicago, IL 60606
Office: (312) 428-2750
Fax: (312) 332-2781
www.grglegal.com

**Adam B. Rome**
(312) 428-2740
arome@grglegal.com

July 5, 2022

**V**IA **E**MAIL

Adam P. Czapulonis, Esq.
Adam P. Czapulonis Law Offices
5858 N. Milwaukee Ave.
Chicago, IL 60646
Adam.p.czapulonis@gmail.com

        Re:    **The Debtor's Deficient Response to Old National's Rule 2004 Subpoena**
                *In re: Slawomir Wyszynski* **(Case No. 21-14292, N.D. Ill. Bankr.)**

Dear Mr. Czapulonis:

As you know, this firm serves as litigation counsel for Old National Bank, as successor-by-merger to First Midwest Bank. We are writing to address the deficient response of Slawomir Wyszynski (the "Debtor") to Old National's Rule 2004 Subpoena.

On May 2, 2022, Old National moved to issue a Rule 2004 subpoena to the Debtor. (Dkt. 52). On May 12, 2022, the Debtor moved to quash or modify the proposed subpoena. (Dkt. 54). The Court, over the Debtor's objections, granted Old National's motion to issue the Rule 2004 subpoena. (Dkt. 55). On or about May 17, 2022, Old National issued the Rule 2004 subpoena (the "Subpoena") to the Debtor. On May 23, 2022, the Debtor again moved to quash or modify the Subpoena. (Dkt. 57). The Court has advised the Parties to work together to see if we can resolve our issues prior to seeking further Court intervention.

In an attempt to resolve the dispute that is the subject of the pending motion to quash, Old National will agree, for any request that seeks historical information (as opposed to present ownership information), to limit the time period of the request to four years prior to the date the Debtor filed for bankruptcy. We trust that this will satisfy any concerns about the breadth of the subpoena. Please respond in full to each request that the Debtor sought to quash (including Request Nos. 3, 4, 9, 11, 12, 13, 14, 25, 26, 27, 32, 33, and 35).

On June 15, 2022, the Debtor responded to the portion of the Subpoena that he did not seek to quash, and produced only the following documents:

- The Debtor's 2018 tax return;

- EMX Interservice Inc.'s draft (unsigned) 2018 tax return;

- The Debtor's draft (unsigned) 2019 tax return;

- EMX Interservice Inc.'s draft (unsigned) 2019 tax return;

- The Debtor's 2019 1099-R form from Aplus Building Systems LLC;

Adam P. Czapulonis
July 5, 2022
Page 2

- The Debtor's 2020 1099-R form from Aplus Building System LLC;

- The Debtor's 2021 1099-NEC form from A+ System LLC;[1]

- Aplus Building System LLC's 2021 form 7004;

- Aplus Building System LLC's Bank of America statements beginning July 17, 2020;

- A Travelers tenant insurance policy (from July 28, 2021 to July 28, 2022), for the Lindenhurst property;

- A 2020 sales contract of Aplus Building System LLC for a 2019 Ford Transit;

- Ally account statement from late 2021 for the 2019 Ford Transit;

- Complaint in the *Landmark Credit Union* case against the Debtor;

- An affidavit from the *Landmark* case;

- Certificate of title showing sale to Malgorzata Siemieniuk of a 2015 Infiniti QX60 in August 2020; and

- An unofficial profit/loss statement for Aplus Building System LLC from September 1, 2020, to December 31, 2020.

This response is, as explained below, grossly insufficient.

**Request No. 1** seeks documents concerning the Debtor's employment over the past four years. **Request No. 2** seeks document concerning all of the Debtor's sources of income over the past four years. **Request No. 4** seeks documentation concerning every business entity of any sort that the Debtor has held an interest in over the past four years, and the value of those interests. **Request No. 34** seeks all business records over the past three years reflecting the assets and liabilities of the Debtor's businesses. The Debtor has not come close to fully complying with these requests:

- The Debtor's 2018 tax return appears incomplete;

- The Debtor has produced only a draft (unsigned) 2019 personal tax return—this is invalid, and does not suffice;

- The Debtor has not produced a 2020 personal tax return;

- The Debtor has not produced the extension form for his 2021 personal tax return;

- The Debtor has not produced the documents that he will use to prepare his 2021 tax return;

- The Debtor has not produced any documents whatsoever concerning his 2022 income;

- The Debtor has not produced any documents showing his interest in EMX;

---

[1] The document that included this form, title Ex.A.4.pdf, is corrupted. It shows 40 pages, but only the final page is viewable. Please send a non-corrupted version.

- The Debtor has not produced any of the corporate documents of EMX;

- The Debtor has not produced all of his pay stubs for his work at EMX;

- The Debtor has not produced any valid 2018 or 2019 tax returns for EMX (the 2018 and 2019 EMX tax returns he did produce are unsigned and, thus, invalid);

- The Debtor has not produced any 2020 EMX tax return;

- The Debtor has not produced any of the documents that will be used to prepare the 2021 EMX tax return;

- The Debtor has not produced any documents whatsoever concerning the amount of money EMX made in 2022;

- The Debtor has not produced any documents showing his interest in Aplus Building System LLC;

- The Debtor has not produced any of the corporate documents of Aplus Building System LLC;

- The Debtor has not produced any of the tax returns of Aplus Building System LLC;

- The Debtor has not produced any pay stubs for his work at Aplus Building System LLC;

- The Debtor has not produced any documents concerning HRD P DV, Inc., despite listing it as a sole proprietorship on his bankruptcy schedules;

- The Debtor has not produced any documents concerning Ord Pro DV Inc., despite that he received payments from this company;

- The Debtor has not produced complete documents showing 2021 payments from A+ System LLC (not to be confused with Aplus Building System LLC), despite that the Debtor received payments from that company;

- The Debtor has not produced any documents concerning payments from AP ST LLC, despite receiving payments from that company; and

- The Debtor has not produced any documents concerning payments from Malgorzata Siemieniuk, despite that she made payments to the Debtor.

**Request No. 3** seeks all documents relating to any interest the Debtor held in real estate. **Request No. 10** seeks copies of any home or rental insurance policies the Debtor might have had. **Request No. 25** seeks all deeds, leases, contracts, etc. representing an ownership interest in any real property, and any encumbrances on the property. **Request No. 33** seeks all lease agreements in the Debtor's favor. **Request No. 35** seeks a list of all the tenants in any property owned by the Debtor. In response, the Debtor produced only a renter's policy from Travelers insurance. This response is insufficient. The documents that the Debtor *did* produce variously list his home address at the following locations:

- 2467 St. Stephens Green, Northbrook, Illinois 60062 (2018 tax return);

- 176 White Branch Court, Buffalo Grove, Illinois 60089 (2019 draft tax return); and

- 210 Lakeshore Drive, Lindenhurst, Illinois 60046 (2021 1099-NEC form from A+ System LLC).

To the extent that the Debtor owned these (or any other) properties, he is required to produce documents concerning his ownership (and any disposition) of the properties, and any homeowners insurance policies on the properties. To the extent that the Debtor rented these (or any other) properties, he is required to produce his leases and renter's policies. To the extent the Debtor leases these (or any other) properties out to tenants, he must provide documentation.

**Request No. 5** seeks documents relating to any financial account the Debtor might have had over the past four years. In response, the Debtor produced statements for an account of Aplus Building System LLC at Bank of America and you stated, in your cover letter, that "Debtor has an APlus Building System LLC checking account that is still active. Debtor had additional accounts for EMX with PNC Bank, however, Debtor has no access to or records of said accounts. See attached Group Ex. B for full details."

The Debtor's own bankruptcy filings list a checking account at Chase, a checking account at PNC, and another checking account at PNC. While the debtor indicates that these were all closed in August 2021, that does not absolve him from producing the account statements in response to the Subpoena, as statements from a closed account would still be within the Debtor's possession, custody, or control.

"On the issue of control, it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotations and citations omitted). Indeed, "'[c]ontrol means the legal right to obtain documents upon demand.'" *Cage v. Harper*, No. 17-CV-7621, 2019 WL 11704172, at *1 (N.D. Ill. Oct. 30, 2019) (quoting *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, 1997 WL 757879, at *3 (N.D. Ill. 1997)). There is no question that the Debtor has the right to obtain his checking account statements upon demand. *See, e.g., Henry v. Rizzolo*, No. 208CV00635PMPGWF, 2010 WL 11578471, at *3 (D. Nev. Mar. 12, 2010) ("A party generally has the legal right to obtain statements regarding his own accounts from his bank."); *Cadle Co. v. Terrell*, No. 01–CV–0399, 2002 WL 22075, at *5 (N.D. Tex. Jan. 7, 2002) aff'd sub nom. *Cadle Co. v. Terrell (In re Terrell)*, 46 Fed. App'x 731 (5th Cir. 2002) (noting that debtors had an obligation to turn over bank and credit card statements to creditor because the debtors had the legal right to request copies of credit card statements from credit card company and bank statements from bank). Obtaining those statements, even from a closed account, is as simple as calling customer service, or going into a bank branch.

The Debtor must produce statements from each and every financial account he held over the past four years.

**Request No. 9** seeks documents pertaining to any life insurance policies that the Debtor has owned. In the personal financial statements that the Debtor submitted to First Midwest Bank in 2019 and 2020, he stated that he owned a $400,000 life insurance policy with AXA Equitable Life Insurance. He must produce this policy, and any other such policy that he owned over the past four years.

**Request No. 11** seeks all documents pertaining to pension plans, retirement plans, etc. It appears that the Debtor does, in fact, possess such assets, given that he produced 1099-R forms from Aplus Building System LLC. The Debtor must produce all responsive documents.

**Request No. 12** seeks documents relating to any outstanding indebtedness or financial obligations of the Debtor. The Debtor has produced essentially no documents concerning his indebtedness or financial obligations, despite identifying on his financial statements more than $800,000 of indebtedness, to more than 20 different creditors:

Adam P. Czapulonis
July 5, 2022
Page 5

| Creditor | Produced Documentation Concerning Debt? |
|---|---|
| Ally Financial (2019 Ford Transit) | Incomplete Statements |
| Malgorzata Siemieniuk (domestic support) | No |
| Affirm, Inc. (unknown purpose) | No |
| Bank of America (unknown purpose) | No |
| Capital One (credit cards) | No |
| Click Lease LLC (professional cleaning machines) | No |
| Comenity Capital (charge account) | No |
| Credit One Bank (credit card) | No |
| Everest Business Funding (loan) | No |
| First Midwest Bank (loan) | No |
| First National Bank/Legacy (credit card) | No |
| First Savings Bank/Blaze (credit card) | No |
| First Western Equipment Finance (loan) | No |
| Landmark Credit union (auto loan) | No |
| Merrick Bank/CardWorks (credit card) | No |
| Ollo Card Services (credit card) | No |
| Pawnee Leasing Corp. (professional cleaning machines) | No |
| PNC Bank (loan) | No |
| Scratch Services LLC (charge/revolving credit) | No |
| Synchrony Bank/TJX (credit card) | No |
| TDRCS/Darvin Furniture (charge account) | No |
| Wells Fargo (charge/revolving credit) | No |
| Wells Fargo Bank NA (charge account) | No |

Old National is entitled to all documents concerning the above indebtedness, and any other indebtedness of the Debtor.

**Request No. 13** seeks documents concerning any money or property the Debtor is presently owed. The Debtor has produced no documents in response. He is required to do so.

**Request No. 14** seeks documents concerning any vehicles the Debtor owns. **Request No. 27** seeks documents concerning all motor vehicle titles he owns. The Debtor produced only documentation concerning the 2019 Ford Transit, despite identifying in his bankruptcy schedules a second vehicle that he

owns. In addition, the Ally account statement the Debtor produced suggests that the Debtor also owns a 2018 Ford Transit. Old National is entitled to documentation concerning these vehicles. If the Debtor has disposed of these (or any other) vehicles, Old National is entitled to proof.

**Request No. 17** seeks documentation concerning any loans the Debtor made over the past four years. You state in your cover letter, "See response #15," which in turn mentions the 2019 Ford Transit and 2018 Mercedes Benz. The Debtor has not provided any documentation concerning how these represent loans *the Debtor* has made.

**Request No. 18** seeks documentation concerning any property the Debtor has sold, transferred, conveyed encumbered, concealed, damaged, or otherwise disposed of over the previous four years. Plainly, the Debtor has disposed of a significant amount of property over the past four years. On the June 2020 personal financial statement submitted to First Midwest Bank, the Debtor stated that:

- He had $61,470 in cash;

- He had a life insurance policy worth $400,000;

- He owned 2467 Saint Stephens Green, Northbrook, Illinois 60062, which was worth $575,000, with no mortgage;

- He owned automobiles worth $106,000;

- He owned other personal property worth $79,000; and

- He had a personal PNC checking account with a balance of $19,740.

Just two years later, the Debtor's bankruptcy filings state that he has only:

- $560 in cash;

- No life insurance;

- No real estate;

- Automobiles worth only $38,500;

- Other personal property worth $1,650; and

- No checking or savings accounts.

Despite such a drastic reduction in assets over a two-year period, the Debtor has produced *no documentation* concerning what happened to all these assets (aside from the automobiles). He must do so.

**Request No. 20** seeks documents concerning any net worth statements, or personal financial statements, of the Debtor over the past four years. He produced no documents in response, despite having submitted personal financial statements to First Midwest in 2019 and 2020. The Debtor was, presumably, also required to submit personal financial statements for the other loans he obtained over this period. He must produce all documents responsive to this request.

**Request No. 21** seeks documents relating to the tax preparers and bookkeepers of the Debtor and his businesses over the past four years. You state that "The preparer is Joseph B. Leszka of Plus Tax Inc. as

Adam P. Czapulonis
July 5, 2022
Page 7

fully identified on the attached tax returns." While he was *one* of the preparers/bookkeepers, the Debtor is required to produce documents concerning **each** of the preparers/bookkeepers.

**Request No. 23** seeks statements from any financial institution where the Debtor has or had an account. You refer us to the Bank of America statements the Debtor produced for an account held by Aplus Building System LLC. This does not suffice. As explained above, the Debtor also had accounts at Chase, PNC, Affirm, Credit One Bank, Ollo, Merrick Bank, Capital One, FSB Blaze, First National Bank, and others. He must produce his account statements for these, and any other account he held with a financial institution.

**Request No. 26** seeks documents concerning all stocks, bonds, and securities the Debtor may own. He has produced no documents in response. He must do so.

**Request No. 29** seeks all financial statements the Debtor has furnished over the past three years. You note that the Debtor submitted personal financial statements to First Midwest in 2019 and 2020. But these cannot realistically be the only financial statements the Debtor submitted during that time period. The Debtor was, presumably, also required to submit personal financial statements for the other loans he obtained over this period. He must produce all documents responsive to this request.

**Request No. 32** seeks all records pertaining to the Debtor's other assets. The Debtor produced no documents in response. He is required to do so.

**Request No. 36** seeks a list of all payments made to the Debtor as an insider for any entity in which he was an officer, director, manager or member of over the past three years. Your letter directs us to the Aplus Building System LLC statements from Bank of America that the Debtor produced. These do not show copies of any checks. Moreover, they do not show payments made to the Debtor with respect to any entity other than Aplus Building System LLC. The Debtor must complete his production.

In accordance with Federal Rules of Bankruptcy Procedure 2004 and 9016; Federal Rules of Civil Procedure 45, 26, and 37; and Local Rule 7037-1, we would like to schedule a telephone call, within the next few days, to discuss the Debtor's response to the Subpoena. Please let us know when you are available.

Very truly yours,

Adam B. Rome

**Adam Rome**

| | |
|---|---|
| **From:** | Adam Rome |
| **Sent:** | Tuesday, July 5, 2022 11:31 AM |
| **To:** | 'Adam P. Czapulonis' |
| **Cc:** | April Bernath |
| **Subject:** | Slawomir - Meet and Confer |
| **Attachments:** | Letter to Slawomir v.2.pdf |

Adam,

Attached please find our letter dated July 5, 2022 re: your client's compliance with ONB's 2004 Subpoena.

If you want to discuss anything in more detail, please do not hesitate to contact me.

Adam Rome



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals.

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.